

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Baker
County Auditor
Lamar County
Paris, Texas

O-2799

Dear Sir:

Opinion No. O-2799
Re: Is it the duty of the tax
collector to furnish tax
certificates? If so may
he make a reasonable charge
for the same?

We are in receipt of your letter of September 30,
1940, in which you request the opinion of this department
on the questions contained therein as follows:

"Please refer to Article 7384, which
law requires that:

"'The tax collector shall furnish on
demand of any person, firm or corporation
like statements with reference to any par-
ticular lot or tract of land for whatever
purpose desired, which shall be in all in-
stances certified by him with the seal of
office attached.'

"Is it necessary that the 'like' state-
ment be on the form for notice to delinquent
taxpayer, as prescribed by the comptroller
department? Is it permissible for the tax
collector to charge a fee for this certifi-
cate?

"In the event there are no delinquent
taxes of record, is it permissible for the
collector to certify that no delinquent
taxes are of record, and may any fee be
charged for this certificate?"

Article 7384 of the Revised Civil Statutes of Tex-
as provides, in part, as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John S. Baker, Page 2

"During the month of July each year, or as soon thereafter as practicable, the collector of taxes in each county of this State shall mail to the tax roll address of each owner of any lands or lots situated in the county a notice showing the amount of taxes delinquent or past due and unpaid against all such lands and lots as shown by the delinquent tax record of the county on file in the office of the tax collector, a duplicate of which shall also have been filed in the office of the Comptroller of the State and approved by such office, but failure to send or receive such notice shall be no defense to a suit brought for taxes. Such notice shall also contain a brief description of the lands and lots appearing delinquent and the various sums or amounts due against such lands and lots for each year as they appear to be delinquent, according to such records, and it shall also recite that unless the owner of such lots or land described therein shall pay to the tax collector the amount of taxes, interest, penalties and costs set forth in such notice within thirty days from the date of notice, that the county or district attorney will institute suits for the collection of such moneys and for the foreclosure of the constitutional lien against such lands and lots. Each tax collector, as soon after mailing such notice as practicable, shall furnish to the County or District Attorney duplicates of all such notices mailed to the taxpayers in accordance with the provisions of this law, and also, lists of lands and lots located in the county appearing on the delinquent tax records in the name of 'unknown' or 'unknown owners'; or in the name of persons whose correct address or place of residence in or out of the county said collector is unable by the use of diligence to discover or ascertain, against which taxes are delinquent, past due, and unpaid, and such lists or statements shall show the amount of State and County taxes delinquent, past

due, and unpaid against each such tract
or lot of land for each year they appear
to be delinquent according to the delin-
quent tax records of the county, and shall
likewise contain a brief description of
all such lands and lots. The tax collector
shall furnish on demand of any person, firm
or corporation like statements with refer-
ence to any particular lot or tract of land
for whatever purpose desired, which shall
be in all instances certified by him with
the seal of his office attached. * * *"

We call your attention to the fact that the above
quoted article does not set out any specific form upon which
the tax certificates are to be made but rather sets out the
information which such certificates shall contain. In refer-
ring to the "like" statements that the tax collector must
furnish to any individual, firm or corporation demanding
same, it is our opinion that the Legislature was referring
to a statement or certificate containing like information.
It has also been called to our attention that the Comptroller
of Public Accounts does not prescribe any set form to be used
in the issuance of tax certificates to individuals demanding
the same. You are therefore advised that it is the duty of
a tax collector to furnish said tax certificates upon request
and that such certificates do not have to be on any set form
but should contain the same information as prescribed in Ar-
ticle 7324 for the tax notice mailed to the tax payer.

Article 7324 does not provide any fee to the tax
collector for the issuance of such a tax certificate to any
individual upon demand. This department ruled in a confer-
ence opinion written by Assistant Attorney General H. Grady
Chandler, during Attorney General Claude Pollard's administra-
tion, in answer to the question of whether or not the tax col-
lector is entitled to a fee for this service, as follows:

"We see from Article 7324 that the tax
collector is required to furnish on demand of
any person a statement with reference to the
delinquent taxes for whatever purpose desired.
The Court of Civil Appeals has held in the
case of State vs. Davisson, et al, 280 S. W.
292, that this act requires the tax collector
to issue statements with reference to delinquent
taxes, using this language:

"'By the express terms of article 7689a,
section 1 of chapter 13, Second Called Ses-
sion of the Thirty-eighth Legislature, it is
made the duty of the tax collector to fur-
nish, on demand of any person or persons,
firm, or corporation, statements with refer-
ence to the amount of taxes due on any parti-
cular lot or tract of land for whatever pur-
poses desired, which shall be in all instances
certified by and with the seal of his office
attached.'

"It is clear, then, that the law requires
the tax collector to issue delinquent tax certi-
ficates, and the only question to decide is
whether he is authorized to demand and collect
a fee for this service.

"* * *.

"* * *. If the statute does not provide
a fee for an officer for a service that he is
required to render, then he is not authorized
to receive or collect a fee for such service.
The statutes prescribing fees for public of-
ficers are strictly construed and fees by im-
plication not permitted. This statement is
held in a decision by the Commission of Ap-
peals in the case of McCalla vs. City of
Rockdale, 246, S. W. 654 in which the Court
uses the following langauge:

"'The courts of this state have adopted
the rule construing strictly those statutes
prescribing fees for public officers and against
permitting such fees by implication. No officer
is permitted to collect fees or commissions un-
less the same are provided for and the amount
thereof declared by law. This is true, notwith-
standing such officer may be required by law to
perform specific services for which no compensa-
tion is provided. The obligation to perform
such service is imposed as an incident to the
office, and the officer is deemed to have engaged
to perform them without compensation by his ac-
ceptance thereof.'

Honorable John S. Baker, Page 5

"In the case of Knight vs. Harper, 279 S. W. 589, the Court uses the following language:

"'In order for a public officer to successfully assert a right to a fee of office, it must have been expressly provided for and declared by law.'

"The fact, therefore, that the Legislature might have imposed a duty upon the tax collector without a fee for this duty does not permit him to make a charge for same. He is not the only officer who is required to perform duties without any fees for same. The county clerk, district clerk, sheriff and other officers are required to perform many duties for which no fees are provided, and resort is had only to the statutes authorizing the commissioners' court to grant ex-officio compensation.

"You are advised therefore that in answer to your first question, the tax collector is required by law to issue certificates with reference to delinquent taxes on land.

"In answer to the second question, you are advised that the tax collector is not authorized to charge a fee for this service."

We also call your attention to the case of Crosby County Cattle Co. v. McDermett, 281 S. W. 293. In that case suit was brought by the Tax Collector for the sum of $500.00 based on a contract which he had entered into with an individual for the preparation of a tax certificate which was to contain not only the information required that the collector furnish under Article 7324, supra, but also the same was to be issued showing that the taxes were paid and by whom paid. The court held that the tax collector would not be entitled to recover for the furnishing of a certificate such as provided in Article 7324 because the same was within the scope of his duties. However, the court held that the tax collector could recover under the contract in question because the certificate in question required additional information above that which it is the tax collector's duty to furnish under said article. The court stated as follows:

Honorable John S. Baker, Page 6

"Article 7324 of the Revised Civil Statutes of 1925 provides that the tax collector of a county shall, on the demand of any person, firm or corporation, furnish a statement duly certified from the delinquent tax records of the county showing the amount of taxes delinquent or past due and unpaid against any particular lot or tract of land for each year that it may appear delinquent. But there is no law in this State making it the duty of the tax collector to make a certified list from the tax records in his office showing that the taxes have been paid and by whom paid on any tract or parcel of land.

"It will be observed that the certificate requested was to show that the taxes were paid and by whom paid, and not for the purpose of disclosing taxes that were delinquent and unpaid.

"A public officer is not entitled to receive, for the performance of his official duties, any compensation other than such as is provided and permitted by law, and cannot recover for the performance of acts within the scope of his official duties. * * *"

You also inquire whether it is permissible for the collector to certify that no delinquent taxes are of record in the event such fact is disclosed by the records of his office. Such a certificate was issued by the tax collector of Eastland County and discussed in the case of State v. Davisson, 280 S. W. 292, by the Eastland Court of Civil Appeals, writ of error refused by the Supreme Court. The type of certificate was discussed by the court in the following language:

"* * * Before the sale was made, the commissioner's attorney applied to the tax collector of Eastland county for a certificate as to whether any delinquent taxes were due on the property. Pursuant to such request, the tax collector issued a certificate under seal, wherein it was certified that the taxes on the property described in plaintiff's petition were all paid up to and including the year 1922. * * *"

The court considered the issuance of such a certificate within the duties of tax collector and stated as follows:

"* * *. By the express terms of article 7689a, section 1 of chapter 13, Second Called Session of the Thirty-Eighth Legislature, it is made the duty of the tax collector to furnish, on demand of any person or persons, firm or corporation, statements with reference to the amount of taxes due on any particular lot or tract of land for whatever purposes desired, which shall be in all instances certified by and with the seal of his office attached. * * *"

We also call your attention to the statement by the court that the certificate was furnished gratuitously as follows:

"* * *. The certificate of the tax collector was issued gratuitously, no fee was paid therefor, and appellant received no benefit therefrom. * * *"

It is the opinion of this department that it is the duty of the tax collector to furnish on demand a statement or tax certificate showing the delinquent taxes against a particular lot or tract or in the event no taxes are owing then to issue a certificate stating such fact. You are further advised that any form upon which the required information is contained would be satisfactory as long as the official seal of the tax collector is attached thereto. It is our opinion also, in conclusion, that the tax collector is unauthorized to charge any fee for the issuance of any such tax certificate authorized under Article 7324.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

APPROVED NOV 8, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

BG:RS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN